FILED

JAN 2 4 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 07-13897-B-13 |
| Leila Ann Colbert and Phillip G. Colbert, | DC No. MHM-1 |
| Debtors. | |

### MEMORANDUM DECISION REGARDING TRUSTEE'S MOTION FOR ORDER OF DISMISSAL

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

Michael H. Meyer, Esq., appeared in his capacity as the chapter 13 trustee (the "Trustee").

Debtors Leila Ann Colbert and Phillip G. Colbert appeared *in propria persona* (the "Debtors").

Before the court is the Trustee's motion to dismiss this chapter 13 case for cause pursuant to 11 U.S.C. § 1307(c)[1] (the "Motion"). The Trustee moves to dismiss the case solely because the Debtors filed their bankruptcy petition before they completed the credit counseling requirement in compliance with § 109(h)(1). For the reasons set forth below, the Trustee's Motion will be denied.

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23 (BAPCPA).

This memorandum decision contains the court's findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052. The bankruptcy court has jurisdiction over this matter under 28 U.S.C. § 1334 and 11 U.S.C. § 1307 and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**Background.**

Section 109(h) was introduced to the bankruptcy community through BAPCPA. It sets forth the "credit counseling" requirement for individual debtors seeking bankruptcy protection in pertinent part as follows:

> (h)(1) . . . an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.
>
> . . .
>
> (3)(A) . . . the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that–
>
> > (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
> >
> > (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
> >
> > (iii) is satisfactory to the court.

This bankruptcy was filed on November 21, 2007. With the petition, the Debtors filed Exhibit D which stated that they were "unable to complete the [credit counseling] course in time to file this petition." On the same day, the Debtors filed a motion for an extension to time to complete their credit counseling pursuant to § 109(h)(3). That motion was denied on November 26, 2007, because the Debtors failed to show, *inter alia*, that they had tried to get credit counseling for five (5) days before filing their petition, an

element of relief under § 109(h)(3)(A)(ii). Three days later, the Debtors filed an amended Exhibit D, with a certificate showing that co-debtor Leila Colbert had completed her credit counseling through an approved agency on November 28, 2007. After the hearing on the Trustee's Motion, the Debtors filed another amended Exhibit D with a certificate showing that Philip G. Colbert had also completed his credit counseling course on November 28.[2]

The Trustee now moves for dismissal because the plain language of § 109(h) requires *completion* of the credit counseling *before* the petition is filed, unless the court waives that requirement pursuant to § 109(h)(3), which the court has denied. The issue therefore is whether the Debtors' failure to comply with § 109(h) is cause for dismissal within the meaning of § 1307(c), even when they do not qualify for a waiver under § 109(h)(3).

Section 109(h) states that an individual is "not eligible" to be a debtor in chapter 13 unless that individual has completed a credit counseling course within 180 days before filing the petition. Even if the failure to comply with § 109(h) is found to be "cause" to dismiss the case, § 109(h) says nothing about dismissal; dismissal for "cause" is governed by § 1307(c).[3] In drafting § 1307(c), Congress could have written "shall convert or dismiss," but instead Congress wrote "may," which gives this court discretion to decide what "is in the best interests of creditors and the estate . . . ." § 1307(c); *In re Hill*, 374 B.R. 745, 749 (Bankr. S.D. Cal. 2007).[4]

---

[2] The first amended Exhibit D included two copies of Ms. Colbert's certification. It inadvertently failed to include a copy of Mr. Colbert's certificate. The Debtors were first made aware of this error at the hearing on the Trustee's Motion.

[3] Section 1307(c) provides the following in pertinent part:

[O]n request of a party in interest or the Unites States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, . . . .

[4] The court notes that Congress wrote the same "may dismiss a case" language into § 707(a), which deals with dismissal of chapter 7 cases for "cause." Congress clearly intended that dismissal of a

3

1    Bankruptcy courts have struggled to reach a uniform interpretation of § 109(h)
2 since its inception. But the Ninth Circuit Bankruptcy Appellate Panel has recently ruled
3 that failure to comply with § 109(h) is not jurisdictional, i.e., it does not prevent the case
4 from moving forward; credit counseling is merely an element of the debtor's right to seek
5 relief under the Bankruptcy Code and it can be waived. *Mendez v. Salven (In re Mendez)*,
6 367 B.R. 109, 117-18 (9th Cir. BAP 2007). At least one bankruptcy court has resolved
7 that the failure to comply with § 109(h) does not mandate dismissal and that the credit
8 counseling requirement can be cured based on a number of "pertinent" factors. *In re*
9 *Manalad*, 360 B.R. 288, 308 (Bankr. C.D. Cal. 2007).[5] (Debtor satisfactorily cured the
10 breach of § 109(h) by completing his credit counseling course eight (8) months after the
11 petition was filed.) In this court's view, the most "pertinent" questions here are (1)
12 notwithstanding the dictates of § 109(h)(3), did the Debtors adequately explain their
13 failure to get credit counseling before filing bankruptcy? (2) did the Debtors promptly
14 complete the credit counseling requirement once they learned of the problem? (3) were
15 any creditors prejudiced by the omission? and (4) are the "best interests" of all parties -
16 debtors and creditors - protected by allowing the bankruptcy to proceed?
17 ///
18 ///

---

consumer bankruptcy case "for cause" should be left to the discretion of the bankruptcy court. By contrast, other provisions of the Code provide for mandatory dismissal under certain conditions, without resort to §§ 707(a) or 1307(c). For example, § 521(i)(I) dictates that an individual debtor's case "shall be automatically dismissed" if the debtor fails to file the documents required by § 521(a)(1) within 45 days.

[5]In *Manalad*, Judge Zurzolo considered the following "pertinent" factors:

> 1. The debtor has a reasonable explanation for not participating in budget and credit counseling within 180 days prior to filing a bankruptcy petition;
>
> 2. The debtor participates in budget and credit counseling once the debtor learns that it is necessary; and
>
> 3. At the budget and credit counseling session, it is determined that the individual's debts could not have been paid outside of bankruptcy.

Here, the court is satisfied that the answer to all four questions is "yes." The Debtors explained in their original pleadings that they were "unable to complete the [credit counseling] course." In a subsequent declaration, Ms. Colbert explained that they tried to get their credit counseling on the Internet and that they paid for their credit counseling before filing the bankruptcy petition, but then experienced "a problem with [the credit counseling agency's] website and . . . could not complete the course." However vague this explanation may be, it is overshadowed by the fact that the Debtors promptly did complete their respective credit counseling courses within seven days after the petition was filed, and within two days after this court formally denied their request for relief under § 109(h)(3). The Debtors filed this bankruptcy to stop imminent creditor collection activity which threatened their assets. They paid the full statutory filing fee and they timely filed their chapter 13 plan and schedules. They have proposed a chapter 13 plan to pay 15% to their unsecured creditors from future earnings. There is nothing in the record to suggest that the Debtors could have worked out a successful plan through credit counseling to pay their debts without bankruptcy protection, or that this bankruptcy is otherwise abusive or prejudicial to anybody.

**Conclusion.**

The court is cognizant of the fact that this ruling, and the case law upon which it is based, effectively obviates the effect of § 109(h)(3). In other words, a debtor who desperately needs bankruptcy relief to protect his/her assets, need not be thrown out of court simply because the debtor could not wait five (5) days to complete the credit counseling. Absent a showing of bad faith, or that credit counseling would have prevented the need for a bankruptcy (which is highly doubtful on the eve of a foreclosure or levy action), a debtor who promptly completes the credit counseling requirement after filing bankruptcy need not be penalized by a mechanical application of § 109(h).

/ / /

/ / /

/ / /

Based on the foregoing, the court is persuaded that the Debtors have cured any defect in their bankruptcy petition with regard to § 109(h), and that the best interest of all parties is served by allowing this bankruptcy case to proceed. Accordingly, the Trustee's Motion to dismiss this chapter 13 case based on the Debtors' failure to comply with § 109(h) will be denied.

Dated: January 24, 2008

W. Richard Lee
United States Bankruptcy Judge